Susan Mirando, Respondent,
against
Rafael Leon, Defendant, and JACQUELINE GONZALEZ Also Known as JACQUELINE LEON-GONZALEZ, Appellant.



Appeal from a judgment of the Civil Court of the City of New York, Kings County (Carol Ruth Feinman, J.), entered August 19, 2013. The judgment, insofar as appealed from as limited by the brief, after a nonjury trial, awarded plaintiff the principal sum of $2,300 as against defendant Jacqueline Gonzalez.




ORDERED that the judgment, insofar as appealed from, is reversed, without costs, and the matter is remitted to the Civil Court for a new trial of so much of the small claims action as is against defendant Jacqueline Gonzalez.
Plaintiff commenced this small claims action against her former tenants to recover for property damage to the premises, failure to pay rent and legal fees. Defendants counterclaimed for the return of their security deposit. At a nonjury trial, it was uncontested that defendants had left the apartment four days after the end of their lease term, which expired on May 31, 2012, but the parties disputed the extent of property damage, if any, that existed. As limited by her brief, defendant Jacqueline Gonzalez appeals from so much of the judgment as awarded plaintiff the principal sum of $2,300 as against her.
In a small claims action, our review is limited to determining whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804). However, we find that a review of the judgment is not possible here since the Civil Court failed to make any specific factual findings, and we cannot determine how the court arrived at its award of $2,300 as against defendant Jacqueline Gonzalez (see Kirschner v Viala, 38 Misc 3d 131[A], 2012 NY Slip Op 52413[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]). We note that the Civil Court's award appears to include use and occupancy for all of June 2012. Since defendants vacated the premises and returned the keys on June 4, 2012, plaintiff is entitled to use and occupancy only for the first four days of June (see Peat v Doralis, 22 Misc 3d 142[A], 2009 NY Slip Op 50457[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2009]; Wahl v Warren, 19 Misc 3d 130[A], 2008 NY Slip Op 50537[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2008]).
Accordingly, the judgment, insofar as appealed from, is reversed and the matter is remitted to the Civil Court for a new trial of so much of the action as is against defendant Jacqueline Gonzalez.
Weston, J.P., Pesce and Aliotta, JJ., concur.
Decision Date: March 18, 2016